IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION


FILED
17 MAY 30 AM 11:42

AUSTIN PROPERTY ASSOCIATES LLLP,
Plaintiff,

-vs-                                                             Case No. A-16-CA-1080-SS

HUNTINGTON BEACH 2, LLC,
Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Huntington Beach 2, LLC (Huntington)'s Motion for Partial Summary Judgment [#31], Plaintiff Austin Property Associates LLLP (APA)'s (I) Response In Opposition to Defendant's Motion for Partial Summary Judgment and (II) Cross-Motion for Partial Summary Judgment [#32], Huntington's Reply [#33], Huntington's Response to APA's Cross-Motion for Partial Summary Judgment [#34], APA's Reply [#36], and the Report and Recommendation of the United States Magistrate Judge [#40] (R & R). Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's recommendations.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The parties are entitled to de novo review of the portions of the Magistrate Judge's report to which they filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,



1428–29 (5th Cir. 1996) (en banc). Neither party in this case filed any objections. Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

**Background**

I.  **The Dispute**

Long after the pebble of a personal injury lawsuit disrupts a pond, ancillary lawsuits continue to ripple outward. Here, an underlying personal injury suit disrupted the status quo, instigating the instant landlord–tenant dispute between APA and Huntington.

At all times relevant to this lawsuit, HEB Grocery Company (HEB) subleased the property located at 9411 North Lamar Avenue in Austin, Texas (the Premises) from Huntington. *See* Def. Mot. Summ. J. [#31-1] (Sublease). Huntington, however, does not own the property but is the successor-in-interest to the original lessee and leases the Premises from APA, the successor-in-interest to the original lessor. Compl [#1] ¶ 7. A master lease agreement governs APA and Huntington's landlord–tenant relationship (Master Lease), while a sublease agreement governs Huntington and HEB's relationship (Sublease). *See id.*

Months before this lawsuit was filed, APA was named as a defendant in a personal injury lawsuit concerning events on the Premises (Castimore Litigation),[1] for which APA incurred legal expenses. *Id.* ¶ 11. Under the terms of the Master Lease and Sublease, APA sought reimbursement for these expenses from its lessee, Huntington. *Id.* ¶¶ 11–12. In particular, the Master Lease explicitly obligates Huntington to reimburse APA for "any and all liability, damage, expense, cause of action, suits, claims, or judgments arising from injury to person or property" on the Premises. Compl. [#1-1] Ex. A (Master Lease) at 2.

---

[1] Filed in the 53rd District Court of Travis county, Texas, the underlying personal injury lawsuit is styled John Castimore v. Ace Mart Restaurant Supply Company et al., Cause No. D-1-GN-15-003980.

Although Huntington initially refused to reimburse APA for its Castimore Litigation expenses, Huntington eventually agreed to fulfill its reimbursement obligations under the Master Lease. Compl. [#1-3] Ex. C (Letter Agreement) at 1. Huntington also agreed to provide proof of insurance on the Premises as required under the Master Lease by December 29, 2015. *Id.* at 2. Specifically, the Master Lease requires Huntington to:

> [K]eep in effect upon [the Premises], fire insurance with extended coverage endorsement, written by a responsible insurance company or insurance companies authorized to do an insurance business in the state . . . in an amount equal to not less than eighty per centum (80%) of the insurable value of the building improvements thereon . . . [and which] provide that payment for any losses covered under or by said policy or policies of insurance shall be made to lessor and/or lessee . . . .

Master Lease at 3. APA and Huntington memorialized their renewed understanding by executing an agreement (Letter Agreement). Letter Agreement at 4. By the end of December 2015, Huntington tendered only partial payment of the amount sought by APA, arguing APA sough an excessive and unreasonable amount for its legal expenses. Compl. [#1] ¶¶ 17–18; Def.'s Mot. Summ. J. [#31] at 5.

Additionally, independent from the Master Lease and Huntington's relationship with APA, Huntington requires its subtenant, HEB, to maintain insurance on the Premises. Sublease at 12–14. HEB is self-insured for worker's compensation, commercial general liability, and auto liability in the amount of $2 million. Def.'s Mot. Summ. J. [#31-2] Ex. B ( HEB Memorandum). HEB also has an umbrella liability policy, which covers the liability of HEB above the self-insured $2 million retention. Frost Aff. [#23-1, #23-2] Exs. A, B (Certificates of Liability Insurance).

## II. Procedural History

APA filed this suit against Huntington on September 19, 2016, bringing claims for declaratory judgment and for breach of the Master Lease, Sublease, and Letter Agreement based on Huntington's failure to fully reimburse the attorneys' fees amount sought from the Castimore litigation. Compl. [#1].

According to APA, Huntington failed to or refused to fully reimburse APA for the fees and costs incurred as a result of the Castimore litigation, including such fees and costs for enforcing its indemnification rights under the Master Lease. *Id.* ¶ 18. APA further claims Huntington failed to provide proof of insurance by December 29, 2015, in breach of the Letter Agreement and the proof of insurance subsequently offered does not met the Master Lease's requirements. Pl.'s Mot. Summ. J. [#32] ¶ 6.

The parties both filed motions for partial summary judgment, and the Court referred the case to Magistrate Judge Lane. Magistrate Judge Lane issued a R & R recommending partial summary judgment be granted in favor of APA. R. &. R. at 10.

## Analysis

### I. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

The pending motions for partial summary judgment concern two integrated issues: (1) the extent of Huntington's obligations under the Master Lease, Sublease, and Letter Agreement to maintain an insurance policy on the Premises and (2) whether Huntington has satisfied those obligations. The parties do not dispute that the Master Lease requires Huntington to maintain an insurance policy on the Premises.

In moving for summary judgment, Huntington claims it satisfied its obligation to maintain insurance on the Premises. Def. Mot. Summ. J. [#31] at 6–7. Alternatively, Huntington argues that its subtenant HEB maintains insurance on the Premises exceeding the requirements of the Master Lease. *Id.* at 7. Additionally, Huntington argues APA cannot establish damages for an alleged breach of contract regardless of whether the insurance requirements were satisfied. *Id.* On the other hand, in filing a cross-motion for summary, APA argues there is no fact issue on what insurance exists on the Premises and the insurance evidence offered by Huntington does not meet the requirement for proof of insurance. Pl.'s Mot. Summ. J. [#32] ¶ 19. Agreeing with Magistrate Judge's recommendation, the Court DENIES Huntington's motion for partial summary judgment and GRANTS APA's cross-motion for partial summary judgment.

First, Huntington's insurance evidence is insufficient to show it has satisfied its obligations under the Master Lease. Specifically, the Master Lease requires Huntington to:

> [K]eep in effect upon the leased premises, fire insurance with extended coverage endorsement, written by a responsible insurance company or insurance companies authorized to do an insurance business in the state in which the leased premises are located, in an amount equal to not less than eighty per centum (80%) of the insurable value of the building improvements thereon, said policy or policies of insurance to provide that payment for any losses covered under or by said policy or policies of insurance shall be made to lessor and/or lessee . . . .

Master Lease at 3.

Huntington failed to provide the Magistrate Judge with the actual insurance policy and thus this Court is unable to evaluate the terms of Huntington's insurance policy. *See* R. & R. at 6–7. Instead, Huntington only provided two Certificates of Insurance Liability and an affidavit testifying to the validity of the Certificates of Insurance Liability. *See* Frost Aff. [#23]; Certificates of Liability Insurance. APA argues this evidence is insufficient to establish that Huntington fulfilled its insurance

obligations under the Master Lease and Sublease because (1) the Certificates show only an umbrella policy covering the liability of HEB above a self-insured $2 million retention, rather than a policy covering property damage specific to the Premises; (2) the Certificates fail to list the Premises' address; and (3) the Certificates do not provide evidence of insurance on the Premises in an amount at least 80% of the insurable value of the building improvements as required under the terms of the Master Lease. Pl.'s Mot. Summ. J. [#32] ¶¶ 10, 12.

The Court agrees with APA. The Certificates do not show Huntington maintains insurance "upon the leased premises" but only indicates there is an "Umbrella Policy" covering HEB's liability as a subtenant above the self-insured $2 million retention. *See* Certificates of Liability Insurance. In addition, the Certificates fail to even reference the Premises or the address of the Premises. *See id.*

Second, HEB's self-insurance statement does not meet the Master Lease's requirement Huntington maintain insurance written by a "responsible insurance company" "upon the leased premises." Master Lease at 3. Huntington conceded to the Magistrate Judge that HEB is a grocery company and not a "responsible insurance company." R. & R. at 8. Additionally, it is unlikely self-insurance would satisfy the Master Lease's explicit insurance requirement under Texas law. *See Hertz Corp. v. Robineau*, 6 S.W.3d 332, 335–36 (Tex. App.—Austin 1999, no pet.) (observing that "the term 'self-insurance' is a misnomer; in effect, a self-insurer does not provide *insurance* at all" in part because Texas does not "place[] on self-insurers the burdens assumed by true insurers").

Third, APA provided undisputed evidence of its damages. Although Huntington argues APA could not establish any actual damages, APA counters this assertion by providing a sworn affidavit from its general partner describing the ways in which Huntington's breach continues to diminish the value of the Premises. Pl.'s Mot. Summ. J. [#32-1] Ex. A (Kyhos Aff) at 2. For example, Huntington's breach increases the risk APA will default on its loan obligations because APA's loan is collateralized

by the Premises and requires the Premises to be insured. *Id.* Moreover, by not maintaining insurance on the Premises, Huntington also prevents APA from refinancing its loan or selling the Premises. *Id.* Huntington offers no evidence to refute APA's damage claims.

## Conclusion

In sum, there is no evidence in the record indicating Huntington maintained insurance on the Premises satisfying the Master Lease and Letter Agreement. By contrast, APA provided undisputed evidence of damages resulting from Huntington's failure to maintain the required insurance on the Premises. For these reasons, APA is entitled to partial summary judgment on its breach of contract claim and its declaratory judgment claim as a matter of law. Consequently, the Court DENIES Huntington's motion for partial summary judgement and GRANTS APA's cross-motion for partial summary judgment.

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#40] is ACCEPTED;

IT IS FURTHER ORDERED that Defendant Huntington Beach 2, LLC's Motion for Partial Summary Judgment [#31] is DENIED; and

IT IS FINALLY ORDERED that Plaintiff Austin Property Associates LLLP's Cross-Motion for Partial Summary Judgment [#32] is GRANTED.

SIGNED this the 30th day of May 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE